```
              UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


CARLOS DWAYNE FOXX                                PLAINTIFF

VS.                        CIVIL NO. 3:15-cv-00411-FKB

NORRIS HOGANS, ET AL.                            DEFENDANTS




                       OMNIBUS HEARING




            BEFORE THE HONORABLE F. KEITH BALL
              UNITED STATES MAGISTRATE JUDGE
                      AUGUST 31, 2016
                   JACKSON, MISSISSIPPI




APPEARANCES:

FOR THE PLAINTIFF:    MR. CARLOS DEWAYNE FOXX, PRO SE

FOR THE DEFENDANT:    MR. STEVEN J. GRIFFIN



REPORTED BY:  CHERIE GALLASPY BOND
              Registered Merit Reporter
              Mississippi CSR #1012

_____
            501 E. Court Street, Ste. 2.500
               Jackson, Mississippi  39201
                     (601) 608-4186
```

EXHIBIT "C"

1       THE COURT:  The court next calls *Carlos Dwayne Foxx v.*
2  *Logan, et al.*  It's civil action number 3:15CV411.  Are you
3  Mr. Foxx?
4       MR. FOXX:  Yes, sir.
5       THE COURT:  If you'll raise your right hand, please,
6  sir.
7     (Plaintiff Sworn)
8       THE COURT:  Will you state your full name for record,
9  please, sir.
10      MR. FOXX:  Sir?
11      THE COURT:  Will you state you full name for the
12 record, please.
13      MR. FOXX:  Carlos Foxx.
14      THE COURT:  And I'll now have defense counsel identify
15 himself for the record as well as the defendants on whose
16 behalf you're appearing.
17      MR. GRIFFIN:  Thank you, Your Honor.  Stephen Griffin
18 here representing Norris Hogans, Matthew Naidow, and Mary
19 Dempsey.
20      THE COURT:  All right.  Mr. Foxx, you've gone through
21 this process before.  Right?
22      MR. FOXX:  No, sir.
23      THE COURT:  You have another case pending that is
24 cause number 3:15CV195 on the docket of this court.  Did we
25 never do an omnibus hearing in this case?

1       MR. FOXX:  No, sir.

2       THE COURT:  All right.  Well, today we're doing an
3  omnibus hearing, and the purpose of the omnibus hearing is for
4  me to talk to you about exactly what your claims are, for me to
5  determine whether this is a case that can go forward in this
6  court legally.  Okay?

7       MR. FOXX:  Yes, sir.

8       THE COURT:  As the -- there are two judges assigned to
9  your case, me as the magistrate judge, and the district judge
10 is Dan Jordan.  You can leave the case just like it is, or you
11 consent to magistrate judge jurisdiction, which means I would
12 be the only judge on the case.

13      If you consent to me being the only judge, the process
14 may go a little faster.  And if you consent to me being the
15 judge, I will apply the same law, the same rules of evidence
16 and civil procedure and everything that Judge Jordan would.
17 And then if you -- if you were to disagree with any decision
18 that I make in the case, you could appeal it to the Fifth
19 Circuit Court of Appeals.

20      But the matter that we need to deal with is do you
21 want to consent to me being the only judge, or do you want to
22 keep Judge Jordan on it as well?  What do you want to do?

23      MR. FOXX:  I mean, it doesn't make any difference to
24 me as long as everything is done properly according to the
25 Constitution.

1           THE COURT:  Okay.  Well, I've taken an oath to make
2    sure that -- to do that.  So do you want to consent to
3    magistrate judge jurisdiction?
4           MR. FOXX:  Yes, sir.
5           THE COURT:  All right.  We have a written form for
6    that, and you'll be provided that form at this time.  And I ask
7    defense counsel is defense counsel willing to consent to
8    magistrate judge jurisdiction?
9           MR. GRIFFIN:  Defendants will also consent, Your
10   Honor.
11          THE COURT:  All right.  If y'all will go ahead and
12   sign that and then we'll proceed with the hearing.
13       (Both Parties Signed Consent Form)
14          THE COURT:  Mr. Foxx, we are ready to proceed in
15   talking about the substance of your complaint and the facts
16   that you're alleging.  I know about your other case, the one
17   where you were suing certain officers for failure to protect
18   you, and you're alleging that they were deliberately
19   indifferent to the risk of physical harm to you, and later on
20   you were stabbed by another inmate.  Is that right?
21          MR. FOXX:  Yes, sir.  I was assaulted, yeah.
22          THE COURT:  All right.  So I assume that you have read
23   the court's opinion that we entered back in August -- on
24   August 4th.  Have you read that?  It's called a report and
25   recommendation where the court found that you had not exhausted

1    your administrative remedies prior to filing the lawsuit.
2            MR. FOXX:  Okay.  That was in case, what, 195?
3            THE COURT:  Yes, sir?
4            MR. FOXX:  Yes, sir.  I mean, I have -- I have
5    acknowledgment about that.
6            THE COURT:  All right.  So do you intend -- have you
7    already filed or did you intend to refile that lawsuit?
8            MR. FOXX:  I don't re- -- I don't intend to file it
9    because I did all my state remedy -- I did exhaust all of my
10   remedies.  It states in my records that I have here that I
11   stated it through administrative remedy through Mary Dempsey,
12   and she --
13           THE COURT:  Well, let me just stop you there.  We're
14   here on this other case 411, but you said you have a copy of
15   the court's opinion that was entered August 4th of this year,
16   2016.  Correct?
17           MR. FOXX:  Right.
18           THE COURT:  I just do encourage you to read that.  At
19   the end of it, it says, "From a review of the record, it
20   appears that plaintiff has now exhausted his administrative
21   remedies," but you had not exhausted them before filing the
22   lawsuit.  And as the court instructed you and made clear, I
23   think in the opinion, the opinion says -- or the report and
24   recommendation says, "Plaintiff is therefore free to refile his
25   exhausted claims in a new lawsuit if he so chooses."

1       I just want to draw your attention to that.  That is
2  on appeal to Judge Reeves, and he'll make the final decision on
3  that.  But that's what we're looking at at this time, and I
4  wanted to point that out to you.
5       Looking at this complaint in 3:15CV411, this complaint
6  appears to relate to the grievance that you filed in the ARP
7  process, basically that you were denied due process in
8  administration of the ARP process.  Is that correct?
9       MR. FOXX:  I think so.
10      THE COURT:  Well, let me just ask you in this case,
11 411, let me just go through the defendants.  Why are you suing
12 Norris Hogans?
13      MR. FOXX:  Because he was the warden of the prison,
14 and he should have made sure that his prison staff made sure
15 that my protection from harm was took accordingly to my -- to
16 the constitution, you know, and --
17      THE COURT:  Wait a minute.  I want to stop you.
18 That's the reason I was bringing up the other lawsuit.  You're
19 suing for the physical harm and failure to protect in the other
20 lawsuit, not in this one.  Correct?
21      MR. FOXX:  Right.
22      THE COURT:  All right.  So why are you suing Norris
23 Hogans in this lawsuit?
24      MR. FOXX:  In the 4-11 case?
25      THE COURT:  It's 411, but yes.

1     MR. FOXX: 411. Because he was the acting warden of
2  the facility.
3     THE COURT: But what are you saying he did or didn't
4  do that was a violation of your constitutional rights?
5     MR. FOXX: Because he was in authority over the
6  facility and staff. And, you know, by him being in authority
7  over the facility, he should have made sure that his staff and
8  officers or -- and whatever authorities officers that he had,
9  he should have made sure that they was keeping grounds within
10 the facility, rules, and regulations due to inmate -- due to
11 inmate rights -- rules, rights, and regulations when it come to
12 somebody being assaulted and somebody trying to report serious
13 harm or seriously -- a serious report, you know.
14    And by me reporting and everybody ignoring me, then
15 you know, I have no other -- I had no other -- I had no
16 other -- no other claim to state but to do, you know, what I
17 had to do, you know, because --
18    THE COURT: Let me just stop you. Is there any
19 specific action by Warden Hogans that is the basis of you suing
20 him? You're already explained to me that you're suing him
21 because of his position as warden and that he was -- as you put
22 it, responsible for all of his guards. Other than that, is
23 there any reason that you're suing him?
24    MR. FOXX: No, sir.
25    THE COURT: All right. Matthew Naidow. And I don't

1   know whether I'm pronouncing that right or not.  But why are
2   you suing Matthew Naidow?
3           MR. FOXX:  Because I submitted -- he was -- he was --
4   I think he was the captain at the moment, and he was in
5   authority, and he was at the investigation -- he was working in
6   the investigation office when I tried to submit red tags and
7   reported to the investigation, and I did my administrative
8   remedy, and he stated in my remedy -- in my administrative
9   remedy that I didn't submit red tag, and then I was throwing
10  around an inmate that I did the red tag on the zone and they
11  still put me on the zone with the inmate that I red tagged and
12  I felt harm from, which had some dealing with me being
13  assaulted back in 2012.  And I tried to report that, and they
14  still ignored me then so --
15          THE COURT:  All right.  We're getting -- tell me
16  again.  What are you saying is a particular act -- hang on just
17  a second.  Let me finish.  The court reporter's got to take
18  down what I'm saying and what you're saying.
19          What specific act or failure to act by Mr. Naidow is
20  the reason that you're suing him?
21          MR. FOXX:  Because he was deliberately indifferent and
22  it's like he was retaliation against me stating my claim.
23          THE COURT:  Let me stop you for just a second,
24  Mr. Foxx.  Words like "deliberately indifferent," those are
25  just kind of general -- that's not -- that's not a particular

1   action by Mr. Naidow.  That's just kind of a conclusory
2   allegation or description.  I'm asking you what specifically
3   are you saying that Mr. Naidow did or failed to do that is the
4   reason you're suing him?
5            MR. FOXX:  He failed to investigate all the
6   proceedings that I reported to.  Had failed to investigate it,
7   and he was --
8            THE COURT:  With respect to what?  The assault by the
9   prisoner?
10           MR. FOXX:  Yes, sir.
11           THE COURT:  Okay.  Is there any other reason that
12  you're suing him?
13           MR. FOXX:  No, sir.
14           THE COURT:  All right.  Mary Dempsey:  Why are you
15  suing Mary Dempsey?
16           MR. FOXX:  Actually I wasn't -- actually I put her in
17  there because rightfully she was -- she wasn't really a
18  defendant.  She was actually a witness because she was -- I
19  think she was the coordinator or whatever you call that of
20  administrative remedy, and I filed all my administrative
21  remedies through, you know -- through her office, through the
22  office.  And she had dealings with all my papers.  So I justify
23  her as me having -- dealing with me filing my administrative
24  remedy completing them, you know.
25           THE COURT:  Do you intend to be suing her?

1   MR. FOXX:  No, no, sir.
2   THE COURT:  Or is she just a witness?
3   MR. FOXX:  No, sir.
4   THE COURT:  Are you making a motion to dismiss her as
5   a defendant?  She can still be a witness.
6   MR. FOXX:  Yes, sir.
7   THE COURT:  All right.  That motion is granted.  Does
8   defense counsel have any questions of the plaintiff?
9   MR. GRIFFIN:  Your Honor, I just have one question as
10  it pertains to Mr. Foxx's claim against Captain Naidow.
11  Mr. Foxx, is your claim against Captain Naidow based on his
12  response to your administrative remedy request regarding the
13  claims you've made?
14  MR. FOXX:  Basically, no -- no, sir.  Well, yes, sir,
15  yes, sir.  I'm not -- not letting me tell y'all no lie or
16  nothing like in this courtroom.  I know because it's serious.
17  But, yeah, upon my administrative remedy, yes, sir, because I
18  stated -- I solved my claim through administrative remedy.  And
19  by me solving my claim through administrative remedy, the
20  proper procedure should have been tooken according to me
21  stating my claim, and then my -- it's like I was being
22  retaliated on for stating my claim, and I still was thrown
23  around the guy that I, you know, red tagged, you know.
24  And by him being, you know -- and see, I don't know if
25  that's going to put him in a position to where he will be a

1  defendant or not.  But, you know, I just put it on there like
2  as a defendant because he was involved in the action when I
3  stated all my claims respectfully, you know.
4           So by him being in authority like that in a position
5  like that and being an investigator, he should have made sure
6  that I was safe.  He should have made sure that I was safe, and
7  see -- and that wasn't safe.  I still was put under danger, you
8  know.  I was still put under danger because I could have put on
9  that zone and got hurt again.
10          THE COURT:  When you say that he failed to
11 investigate, that was based on his response to your ARP?
12          MR. FOXX:  Yeah.  Yes, sir.
13          MR. GRIFFIN:  Okay.  All right.  That's all the
14 questions I have, Your Honor.  Your Honor, I did bring with me
15 today the defendant's preliminary witness and exhibit list as
16 well as several documents, including his housing history,
17 incident history, his list of keep separates, and his ARP files
18 from East Mississippi.
19          THE COURT:  All right.  Are they Bates stamped?
20          MR. GRIFFIN:  They're are not Bates stamped.
21          THE COURT:  If you'll provide all those records to the
22 plaintiff at this time.  And do you have a copy for court?
23          MR. GRIFFIN:  I do.
24          THE COURT:  All right.  Let the record reflect the
25 defendant is providing those identified records to the

1  plaintiff at this the time.  And with that this matters
2  adjourned.
3       (Hearing Concluded)

CERTIFICATE OF REPORTER

    I, CHERIE GALLASPY BOND, Official Court Reporter, United States District Court, Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true and correct transcript of the proceedings had in the aforenamed case at the time and place indicated, which proceedings were recorded by me to the best of my skill and ability.

    I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

    This the 12th day of March, 2018.


    s/ *Cherie G. Bond*
    Cherie G. Bond
    Court Reporter